UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON BARAJAS,<br><br>    Petitioner,<br><br>  v.<br><br>SCOTT FRAUENHEIM,<br><br>    Respondent. | No. 1:18-cv-01164-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 18) |

  Petitioner Ramon Barajas is a state prisoner proceeding with counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On March 19, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied. (Doc. No. 18.) Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*. at 10.) On April 1, 2020, petitioner filed objections to the findings and recommendations. (Doc. No. 19.)

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file,

/////

including petitioner's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Petitioner presents two arguments in his objections. First, petitioner objects that an exception applies to the general rule that federal habeas relief for the alleged failure to instruct the jury on a lesser-included offense is only available in capital cases. (Doc. No. 19 at 4.) Petitioner points to the decision in *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000) in asserting that he is entitled to federal habeas relief because, at trial, he "was arguing as a defense the lack of intent which qualified the crime at issue as assault with a deadly weapon, not premediated [*sic*] attempted murder." (Doc. No. 19 at 4–5.)

Petitioner's reliance on the decision in *Solis* is misplaced. In *Beck v. Alabama*, 447 U.S. 625, 638 (1980), the United States Supreme Court held that "a defendant in a capital murder case has a constitutional right to have the jury instructed on a lesser included offense in certain instances." *Solis*, 219 F.3d at 928. As the Ninth Circuit noted in *Solis*, it "had the opportunity to extend the holding in *Beck* to non-capital cases, but declined to do so." *Id.* at 929. The Ninth Circuit in *Solis* also stated:

> In *Bashor v. Risley*, 730 F.2d 1228 (9th Cir.1984), the Ninth Circuit, without reference to *Beck*, held that "the failure of a state court to instruct on a lesser offense [in a non-capital case] fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." The *Bashor* court noted, however, that the defendant's right to adequate jury instructions on his or her theory of the case might, in some cases, constitute an exception to the general rule.

*Id.* (internal citations omitted). The Supreme Court's holding in *Teague v. Lane*, 489 U.S. 288 (1989), however, "barred [the Ninth Circuit] from changing the law regarding failure to instruct errors in the context of a habeas petition." *Id.* (citing *Turner v. Marshall*, 63 F.3d 807, 819 (9th Cir. 1995), *overruled on other grounds by Tolbert v. Page*, 182 F.3d 677 (9th Cir. 1999)). In other words, petitioner relies on an exception that has not yet been created under the law.

Petitioner's second objection is that his "conviction was unable to be supported by bare rationality and, therefore, the Court of Appeal's rejection cannot be deemed to be 'objectively unreasonable [*sic*].'" (Doc. No. 19 at 7.) Petitioner argues that important details in the

eyewitnesses' identification did not match the actual circumstances of the incident. (*Id.*) Petitioner avers that the evidence introduced against him at trial was deficient and did not support the jury's verdict. (*Id.*) The magistrate judge correctly explained, however, that this court is bound by the holding in *Coleman v. Johnson*, 566 U.S. 650 (2012).

> [O]n habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'"

*Id.* at 651. Petitioner does not meet this high bar. The undersigned agrees that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*See* Doc. No. 18 at 8–9) (internal citation omitted). The court therefore adopts the findings and recommendations in full.

Finally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on March 19, 2020 (Doc. No. 18) are adopted in full;

  2.  The petition for writ of habeas corpus (Doc. No. 2) is denied;

  3.  The court declines to issue a certificate of appealability; and

  4.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 26, 2020**       /s/ Dale A. Drozd
               UNITED STATES DISTRICT JUDGE